**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com
        lking@bradleygrombacher.com

Attorneys for Plaintiff, MARIE TAYLOR individually
and on behalf of all others similarly situated

*(Additional Counsel Listed on Following Page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE TAYLOR, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation; and DOES 1 through 100, inclusive<br><br>Defendant. | **CASE NO. 2:20-cv-05380-DSF-JC**<br>[Assigned to: Judge Dale S. Fischer Referred to: Magistrate Judge Jacqueline Chooljian]<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Provide Adequate Seating in Violation of *Labor Code* § 1198 and Wage Order 7 Section 14;**<br><br>2. **Failure to Pay all Wages in Violation of California *Labor Code* §§ 1194, 1194.2, 1197, 1197.1;**<br><br>3. **Failure to Pay All Wages Owed at Termination in Violation of California *Labor Code* § 203;**<br><br>4. **Violations of California *Business & Professions Code* §§ 17200, *et seq*. and**<br><br>5. **Penalties Pursuant to *Labor Code* §§ 2698-2699, *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

1

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, II, Esq. (SBN 146621)

2

18250 Ventura Boulevard

3

Tarzana, California 91356
Telephone:  (818) 609-0807

4

Facsimile:    (818) 609-0892

5

E-Mail: sahagii@aol.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff MARIE TAYLOR, (hereinafter referred to as "Plaintiff"), hereby submits this Third Amended Class Action Complaint against Defendants SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation; and Does 1-100 (hereinafter referred to as "Defendant") on behalf of herself and the class of all other similarly situated current and former employees of Defendants. Plaintiff brings this action upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.      This class action is within the Court's jurisdiction under California *Labor Code* §§ 200, 201, 203, 1194, 1194.2, 1197, 1197.1, California *Business and Professions Code* § 17200, *et seq*., (Unfair Practices Act), and the Industrial Welfare Commission ("IWC").

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code* and California *Business and Professions Code* against employees of Defendants.

3.      This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California Labor Code §2698 et seq. ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and former and current non-exempt employees of Defendant SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation doing business and employing individuals in California.

4.      Plaintiff seeks relief on behalf of herself and all other aggrieved employees as a result of employment policies, practices and procedures more specifically described below, which violate California *Labor Code* and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  Said employment policies, practices and procedures are generally described as follows:

///

THIRD AMENDED CLASS ACTION COMPLAINT

    a. Failure to provide adequate seating for Plaintiff and other aggrieved employees in violation of Wage Order 7;

    b. Failure to pay Plaintiff and other aggrieved employees for all time worked spent "of the clock;"; and,

    c. Failure to pay Plaintiff and other aggrieved employees all wages owed at termination in violation of California *Labor Code* §200-203.

5. Plaintiff is informed and believes, and based thereon alleges, Defendants have engaged in, among other things a system of willful violations of the California *Labor Code,* California *Business and Professions Code,* and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

6. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code.*

7. Aggrieved Employees: All employees who were or are employed by Defendants in California as "non-exempt employees" against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the *Labor Code* or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint, at any time between one year prior to the filing of this complaint until judgment. As used in this definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California *Labor Code.*

8. The actions of Defendants are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

//

2

THIRD AMENDED CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

9.      On information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. There is no basis for federal diversity jurisdiction in this action given that the State of California, as the real party in interest in this action, is not a "citizen" for purposes of satisfying diversity jurisdiction.  *Urbino v. Orkin Servs. of Cal.,* 726 F.3d 1118, 1123 (9th Cir. Cal. 2013).  *Urbino* also holds that civil penalties cannot be aggregated to satisfy the amount in controversy requirement for federal diversity jurisdiction in this action, and that diversity jurisdiction cannot be established when Plaintiff's share of the civil penalties attributable to violations personally suffered are less than $75,000. *Id.* at 1122.

10.      Venue is proper in the County of Los Angeles because the acts which give rise to this litigation occurred in this county and Defendants do business in the County of Los Angeles.

## THE PARTIES

11.      Plaintiff MARIE TAYLOR ("Plaintiff") is a resident of Los Angeles County, in the State of California. Plaintiff was employed by Defendants in El Monte, California, from approximately July 2, 2018 until she was terminated on November 7, 2019. Plaintiff was employed as a 'cashier.'

12.      SAM'S WEST, INC. dba SAM'S CLUB, is an Arkansas corporation that does business in California.

13.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious

THIRD AMENDED CLASS ACTION COMPLAINT

Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

18. The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices

THIRD AMENDED CLASS ACTION COMPLAINT

1   and policies which are complained of by way of this Complaint are enforced throughout

2   the State of California and the United States.

3   **FACTUAL ALLEGATIONS**

4   19.   Plaintiff incorporates all preceding paragraphs as though fully set forth

5   herein.

6   20.   Plaintiff and all other aggrieved employees seek compensation from

7   Defendants for the relevant time period because Defendants:

8   a.   Failed to provide Plaintiff and other aggrieved employees with adequate

9   seating;

10   b.   Failed to pay Plaintiff and other aggrieved employees for all time worked;

11   and,

12   c.   Failed to pay Plaintiff and other aggrieved employees all wages owed at

13   termination.

14   21.   Defendant has engaged in, and continues to engage in, unfair business

15   practices in California by practicing, employing and utilizing the employment practices

16   and policies outlines above.

17   22.   Defendants' utilization of such unfair business practices deprives Plaintiff

18   other aggrieved employees of the general minimum working standards and entitlements

19   due to them under California law and the Industrial Welfare Commission wage orders as

20   described herein.

21   23.   As a direct result of the wage and hour violations herein alleged, Plaintiff and

22   other aggrieved employees have suffered and have incurred expenses and attorneys' fees

23   in seeking to compel Defendants to fully perform its obligations under state law, all to

24   Plaintiff's respective damage in amounts according to proof at the time of trial.

25   ***Defendants' Failure to Provide Adequate Seating***

26   24.   At all times, relevant hereto, Wage Order 7, section 14(a), requires that

27   "[a]ll working employees be provided with suitable seats when the nature of the work

28   reasonably permits the use of seats." Section 14 (b) requires that "[w]hen employees

5

THIRD AMENDED CLASS ACTION COMPLAINT

are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

25.    Plaintiff, and similarly situated employees who work in the retail space of Defendant's stores, such as cashiers, sales associates, front end associates, and greeters, whom could still perform essential job duties if they were provided seating during less busy times or when customers did not need immediate assistance.

26.    Defendants willfully and knowingly failed to provide Plaintiff and other aggrieved employees with suitable seats, although the nature of work required standing for substantial periods of time.

27.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing and refusing to provide seating to Plaintiffs and other aggrieved employees in violation of the applicable Wage Order Section 14, Defendant has violated and continue to violate California *Labor Code* § 1198.

***Defendants' Failure to Pay for Time Spent "Off the Clock"***

28.    Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.

*Security Checks*

29.    Pursuant to a uniform policy originated by Defendants, all hourly employees are subject to bag searches.  Hourly employees were and are required to wait in line with the rest of the general public and be searched for potential or possible contraband.  Thus, at the discretion and control of the Defendants, Plaintiff and other aggrieved employees were and are required to wait in line for security checks.

30.    Plaintiff alleges that after "clocking out" Plaintiff and other aggrieved

THIRD AMENDED CLASS ACTION COMPLAINT

employees would get their belongings from their lockers, then would go to the exit where customers leave the store and wait in line with the general public to have their bags searched.

31.    Plaintiff alleges that the process can take approximately thirty (30) seconds depending on the number of people in line.

32.    This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband.  Because such screening is designed to prevent and deter employee contraband, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work without compensation.

33.    Plaintiff alleges that there were no separate security check locations for employees, and all employees had to use the security checkpoints that are open to the public leaving the store. This created lengthy lines, and the time waiting in the security line was uncompensated by the Defendants.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

34.    At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

35.    Defendants willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class upon termination of employment all accrued compensation, including compensation required for time spent "off the clock."
//

THIRD AMENDED CLASS ACTION COMPLAINT

*Facts Regarding Willfulness*

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

37.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants had a consistent policy or practice of failing to compensate all aggrieved employees, including Plaintiff.

38.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that all aggrieved employees, including Plaintiff, were and are entitled to adequate seating, to be compensated for all time worked..

*Plaintiff's Exhaustion of Administrative Remedies*

39.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

40.    By letter dated March 16, 2020, required notice was provided to Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

41.    More than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, and the LWDA has not responded.

*Unfair Business Practices*

42.    Should Plaintiff and the class lack an adequate legal remedy, Plaintiff and the Class seek restitutionary damages for Defendants wrongful conduct detailed above.

43.    Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

44.    Defendants' utilization of such unfair business practices constitutes unfair

8

THIRD AMENDED CLASS ACTION COMPLAINT

1  competition and provides an unfair advantage over Defendants' competitors.

2      45.    Defendants' utilization of such unfair business practices deprives Plaintiff

3  and Class Members of the general minimum working standards and entitlements due

4  them under California law and the Industrial Welfare Commission wage orders as

5  described herein.

6      46.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

7  other aggrieved employees have suffered, and continue to suffer substantial losses related

8  to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys'

9  fees in seeking to compel Defendants to fully perform its obligations under state law, all

10  to Plaintiff's respective damage in amounts according to proof at the time of trial.

11  **CLASS ACTION ALLEGATIONS**

12      47.    Plaintiff incorporates all preceding paragraphs as though fully set forth

13  herein.

14      48.    Plaintiff brings this action on behalf of herself and all others similarly situated

15  as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which

16  Plaintiff seeks to represent are composed of, and defined as follows:

17          **Plaintiff Class**

18          All persons who have been, or currently are, employed by

19          Defendants and who held, or hold, job positions which

20          Defendants has classified as "non-exempt" employees in the

21          State of California. (The Class Period is defined as the period

22          from four years prior to the filing of this action through and

23          including the date judgment is rendered in this matter). The term

24          "non-exempt employee" refers to those who Defendants has

25          classified as non-exempt from the overtime wage provisions of

26          the California *Labor Code.*

27          **Terminated Sub Class**

28          All members of the Plaintiff Class whose employment ended

9
THIRD AMENDED CLASS ACTION COMPLAINT

during the Class Period.  (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).

(Collectively "Plaintiff Class" or "Class Members")

49.    The Plaintiff and Terminated Sub Class are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of the Plaintiff and Terminated Sub Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

50.    Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a.    Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether Defendants failed to provide Plaintiff and members of the Plaintiff Class with adequate seating;

c.    Whether Defendants failed to pay Plaintiff and members of the Plaintiff Class all wages;

d.    Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with all wages owed at termination;

e.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

f.    Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

THIRD AMENDED CLASS ACTION COMPLAINT

51.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff and Terminated Sub Class. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

52.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals and repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

54.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

          a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect

THIRD AMENDED CLASS ACTION COMPLAINT

1   to individual class members, thus establishing incompatible

2   standards of conduct for Defendant; and

3       b.   The prosecution of separate actions by individual class members

4   would also create the risk of adjudications with respect to them that,

5   as a practical matter, would be dispositive of the interest of the other

6   class members who are not a party to such adjudications and would

7   substantially impair or impede the ability of such non-party class

8   members to protect their interests.

9   55.   Plaintiff hereby incorporates each and every allegation contained above

10  and realleges said allegations as if fully set forth herein.

11  **FIRST CAUSE OF ACTION**

12  **FAILURE TO PROVIDE ADEQUATE SEATING**

13  **IN VIOLATION OF WAGE ORDER 7**

14  **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

15  56.   Plaintiff hereby re-alleges, and incorporates by reference as though set

16  fully forth herein, the allegations contained above.

17  57.   Wage Order 7, section 14, and regulations pertaining to Plaintiff, and other

18  aggrieved employees, requires that all working employees be provided with suitable

19  seats when the nature of work reasonably permits the use of seats. The Wage Order

20  further requires that when employees are not engaged in the active duties of their

21  employment and the nature of the work require standing, an adequate number of

22  suitable seats shall be placed in reasonable proximity to the work area and employees

23  shall be permitted to use such seats when it does not interfere with the performance of

24  their duties.

25  58.   By way of example, only, Plaintiff has been employed by Defendants as a

26  cashier, which requires her to be standing for the duration of her shift, which is typically

27  eight (8) hours in length. The only opportunity for Plaintiff to sit is during her rest and

28  meal breaks.

THIRD AMENDED CLASS ACTION COMPLAINT

59.    Plaintiff alleges, on information and belief, that the same conditions exist as to other Class Members who are employed in retail positions where the work requires long periods of standing.

60.    The work performed by Plaintiff and the Plaintiff class are in positions, such as cashiers, sales associates, front end associates, and greeters that is conducive to allowing employees to sit in appropriate seating either while performing their duties or during those times when the work flow subsides and the employees are waiting to perform additional duties.

61.    Despite the requirements of the Wage Order and regulations pertaining to such positions, Defendants have not and do not provide employees in these positions with adequate seating.

62.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing and refusing to provide seating to Plaintiffs and other aggrieved employees in violation of the applicable Wage Order Section 14, Defendant has violated and continue to violate California *Labor Code* § 1198

63.    Wherefore, Plaintiff and other aggrieved employees are entitled to the penalties provided by law for violation of the Wage Order and regulations, and all other related remedies, in the amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

64.    Plaintiff incorporates herein by reference the allegations set forth above.

65.    At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 1197, and 1198.

THIRD AMENDED CLASS ACTION COMPLAINT

66.    For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked.  Defendants implemented policies that actively prevented employees from being compensated for all time worked by subjecting employees to security checks.

67.    Plaintiff alleges that after "clocking out" Plaintiff and other aggrieved employees would get their belongings from their lockers, then would go to the exit where customers leave the store and wait in line with the general public to have their bags searched.

68.    Plaintiff alleges that the process can take approximately thirty (30) seconds depending on the number of people in line.

69.    This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband.  Because such screening is designed to prevent and deter employee contraband, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work without compensation.

70.    Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

71.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Plaintiff Class for all wages earned and all hours worked, in violation of state law.  As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligation under state law, in accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to proof at time of trial.

THIRD AMENDED CLASS ACTION COMPLAINT

72.     Defendants committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

73.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

74.     As a proximate result of the above-mentioned violations Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF TERMINATION

## IN VIOLATION OF CAL. *LABOR CODE* SECTIONS 201-203

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

75.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

76.     At all times, relevant herein, Defendants were required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

77.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

78.     These payments should include compensation that should have been paid due to time worked "off the clock" which was not paid to Plaintiff and members of the Plaintiff Class.

79.     Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by willfully failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions

THIRD AMENDED CLASS ACTION COMPLAINT

1   are thus substantially injurious to Plaintiff and the members of the Plaintiff Class,
2   causing them injury in fact and loss of money.

3          80.    The conduct of Defendant and its agents and managerial employees as
4   described herein was willful, and in violation of the rights of Plaintiff and the individual
5   members of the Terminated Sub Class.

6          81.    Plaintiff is informed and believes, and based thereon alleges, that
7   Defendants' willful failure to pay wages due and owing upon separation from
8   employment results in a continued payment of wages up to thirty (30) days from the
9   time the wages were due.  Therefore, Plaintiff and Class Members who have separated
10  from employment are entitled to compensation pursuant to California *Labor Code* §
11  203.

12         82.    Wherefore, Plaintiff and Class Members are entitled to premium wages,
13  penalties, and all other remedies provided under California law, in an amount to be
14  proven at the time of trial.

15                          **FOURTHCAUSE OF ACTION**
16                         **VIOLATIONS OF CALIFORNIA**
17          ***BUSINESS AND PROFESSIONS CODE* § 17200, etc.**
18   **(By Plaintiff and the Members of the Plaintiff Class, Against All Defendants)**

19         83.    Plaintiff re-alleges and incorporates all preceding paragraphs as though
20  fully set forth herein.

21         84.    Plaintiff alleges that she and the class are entitled to all time worked spent
22  "of the clock."  To the extent that California Labor Code does not provide Plaintiff and
23  the class lack an adequate legal remedy, Plaintiff and the Class seek restitutionary
24  damages for Defendants wrongful conduct detailed above.

25         85.    To the extent Plaintiff and the class cannot recoup damages via the
26  California Labor Code for this off the clock time, Plaintiff and the class seek equitable
27  remedies under California's Unfair Competition Law ("UCL").

28         86.    The UCL prohibits, as an unfair business practice, a practice of not paying

THIRD AMENDED CLASS ACTION COMPLAINT

all wages, thus denying class members value of working, to the extent that wage and hour statutes do not protect such losses.

87.    California Code of Civil Procedure § 338 establishes a three-year statute of limitations for claims under § 1194.  Claims under the UCL are governed by the four-year statute of limitations set out in Business and Professions Code § 17208.

88.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

89.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

90.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

91.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

92.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

93.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

94.    During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and*

THIRD AMENDED CLASS ACTION COMPLAINT

*Professions Code*, by and among other things, engaging in the acts and practices described above.

95.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

96.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

97.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

98.    Defendants' course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

99.    Section 17208 provides that "[a]ny action to enforce any cause of action under this chapter shall be commenced within four years after the cause of action accrued." (Italics added.)

100.   Because the UCL period of limitations extends beyond the Labor Code causes of action alleged above, it provides a remedy where there otherwise would be no adequate remedy at law.

101.   Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

//

//

//

18

THIRD AMENDED CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

**(Against Defendants on behalf of Plaintiff and All Other Aggrieved Employees)**

102.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

103.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the *Labor Code* sections enumerated in California *Labor Code* §2699.5.

104.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

105.    Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

      a. Failed to pay all wages due, including overtime to Plaintiff and the members of the Putative Class;

      b. Failed to provide adequate seating; and

      c. Failed to pay Plaintiff and the members of the Putative Class all wages owed at termination.

106.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

107.    California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the

THIRD AMENDED CLASS ACTION COMPLAINT

hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

108.    California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California *Labor Code* section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

109.    Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* Sections California *Labor Code* §§ 201-203, 204, , 510, 512, 551, 552, 1174, 1194, 1197, 1197.1, 1199, 2698-2699.

110.    During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

111.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

112.    By letter dated March 16, 2020, Plaintiff, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California *Labor Code*

THIRD AMENDED CLASS ACTION COMPLAINT

alleged to have been violated, including the facts and theories to support the alleged violations.

113.   More than 65 days has passed since the March 16, 2020, notice to the LWDA and no response has been received

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff and Terminated Sub Class;

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff and Terminated Sub-Class;

4. Designation of Plaintiff as the class representative of the Plaintiff and Terminated Sub Class;

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendants' practices violate the applicable Wage Order and the California *Labor Code*;

7. Prejudgment and post judgment interest on all sums awarded

8. For compensatory damages;

9. For penalties pursuant to the applicable wage order, and *Labor Code* §§ 200, 203, 510, 512, 512(a), 1174, 1194.2, 1194.5, 1197, 1198, 2801, and 2699;

10. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 1194 2699 (g) (1);

11. Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to California *Labor Code* §§ 1194 (a), 2699 (g) (1) and Cal. *Code of Civil Procedure* §1021.5, and any other such provision as may be applicable;

THIRD AMENDED CLASS ACTION COMPLAINT

12. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law;

   a. Applicable wage order by failing to provide adequate seating;

   b. California *Labor Code* §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

   c. California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above.

13. For all such other and further relief that the Court may deem just and proper.

DATED:      October 30, 2020      **BRADLEY/GROMBACHER, LLP**
                                  **LAW OFFICES OF SAHAG MAJARIAN II**


                                  By: /s/ Marcus J. Bradley
                                  _____
                                  Marcus J. Bradley, Esq.
                                  Kiley Lynn Grombacher, Esq.
                                  Lirit A. King, Esq.
                                  Sahag Majarian, II, Esq.
                                  *Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.


DATED:      October 30, 2020      **BRADLEY/GROMBACHER, LLP**
                                  **LAW OFFICES OF SAHAG MAJARIAN II**


                                  By: /s/ Marcus J. Bradley
                                  _____
                                  Marcus J. Bradley, Esq.
                                  Kiley Lynn Grombacher, Esq.
                                  Lirit A. King, Esq.
                                  Sahag Majarian, II, Esq.
                                  *Attorneys for Plaintiff*

THIRD AMENDED CLASS ACTION COMPLAINT